**Electronically Filed
Intermediate Court of Appeals
30707
24-FEB-2012
07:52 AM**

NO. 30707

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SAINGOEN DAVIS, Plaintiff-Appellee,
v.
NICHOLLE DAVIS, Defendant-Appellee

GARY W. VANCIL, MARK VAN PERNIS,
VAN PERNIS-VANCIL, A Law Corporation, Defendants-Appellants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-352K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Defendants-Appellants Gary W. Vancil, Mark Van Pernis, and Van Pernis-Vancil, a Law Corporation (collectively "Defendant Attorneys") appeal from the Order Granting the Petition of Plaintiff Saingoen Davis for Determination of Good Faith Settlement (Good Faith Order), filed on July 30, 2010, in the Circuit Court of the Third Circuit (Circuit Court).[1]

On appeal, Defendant Attorneys assert, *inter alia*, that the Circuit Court abused its discretion in issuing the Good Faith Order, which determined that the Settlement Agreement And Release (Settlement Agreement) reached between Plaintiff-Appellee

---

[1] The Honorable Ronald Ibarra presided.

Saingoen Davis (Plaintiff Saingoen) and Defendant-Appellee Nicholle Davis (Defendant Nicholle) was entered in good faith.[2] Defendant Attorneys contend that the Settlement Agreement is collusive and not in good faith under Hawaii Revised Statutes (HRS) § 663-15.5 (Supp. 2011) because: it requires that Defendant Nicholle assign her claims against Defendant Attorneys to Plaintiff Saingoen; and provides that Defendant Nicholle will receive 15% of the proceeds for any recovery against Defendant Attorneys.

Plaintiff Saingoen counters that the Settlement Agreement is not collusive and provides Defendant Nicholle with only 15% of the net proceeds of Defendant Nicholle's own claims assigned to Plaintiff Saingoen, not 15% of the net proceeds of Plaintiff Saingoen's claims against the Defendant Attorneys. Plaintiff Saingoen further argues that the cases relied upon by Defendant Attorneys are distinguishable from the circumstances in this case.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced, the issues raised by the parties and the applicable statutes and case law, we resolve Defendant Attorneys' points of error as follows:

We review the Circuit Court's issuance of the Good Faith Order for abuse of discretion.

> The determination of whether a settlement is in good faith is left to the sound discretion of the trial court in light of the totality of the circumstances surrounding the settlement. On appeal, the trial court's determination will

---

[2] Defendant Attorneys also contend on appeal that the Circuit Court failed to list the factors it considered in issuing the Good Faith Order, was clearly erroneous in failing to find the Settlement Agreement was collusive or wrongful, and was clearly erroneous in failing to find that the Settlement Agreement was aimed at injuring the interests of Defendant Attorneys, the non-settling defendant. We view the determinative issue in this appeal to be whether the Circuit Court abused its discretion in issuing the Good Faith Order and will thus address that issue.

> be reviewed for abuse of discretion. An appellate court should consider the decision in light of all of the relevant circumstances extant at the time of settlement.
>
> An abuse of discretion occurs when the decisionmaker exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.

Brooks v. Dana Nance & Co., 113 Hawai'i 406, 412, 153 P.3d 1091, 1097 (2007) (brackets, ellipses, quotation marks and citations omitted).

In Brooks, the Hawai'i Supreme Court noted that in Dubina v. Mesirow Realty Dev., Inc., 756 N.E.2d 836 (Ill. 2001) and In re Guardianship of Babb, 642 N.E.2d 1195, 1203-05 (Ill. 1994), "the Illinois Supreme Court concluded that a settlement agreement that allowed a settling tortfeasor to accomplish indirectly what governing law expressly forbade was collusive and, hence, not in good faith." Brooks, 113 Hawai'i at 417, 153 P.3d at 1102 (citations omitted). The Hawai'i Supreme Court adopted the reasoning of the Illinois Supreme Court and held that "a settlement, wherein a party seeks to accomplish indirectly that which it is expressly barred by applicable law from accomplishing directly, is not in good faith." Id. The supreme court thus held in Brooks that the trial court had abused its discretion by determining a settlement was in good faith when it precluded a cross-claim under an indemnity agreement that was expressly preserved under HRS § 663-15.5(d)(1). See id. In short, the trial court had "abused its discretion by disregarding rules or principles of law . . . to the substantial detriment of a party." Id. (brackets, internal quotation marks and citation omitted).

In this case, the express terms of the Settlement Agreement seek to indirectly allow Defendant Nicholle to obtain contribution from Defendant Attorneys, however such contribution

to Defendant Nicholle (as the settling tortfeasor) is not allowed under HRS § 663-12 (1993 Repl.).[3]

Provisions in the Settlement Agreement regarding Defendant Nicholle's entitlement to recover from Defendant Attorneys state:

> 3. Nicholle Davis hereby assigns to Saingoen Davis any and all civil claims of Nicholle Davis, individually and as personal representative, against lawyers in connection with Probate of the R.K. Davis Estate. In the event such assigned claims are not considered legally assignable, to that extent, Nicholle Davis agrees to permit Saingoen Davis and her counsel to prosecute those claims against the lawyers in Nicholle Davis' name, but without expense to her. Nicholle Davis agrees that Saingoen Davis may assert against lawyers both her claims and the above claims of Nicholle Davis which Saingoen Davis' counsel deem fit for prosecution within their discretion, and settle said claims on terms deemed reasonable by her counsel, within their discretion.
>
> 4. Saingoen Davis and Nicholle Davis <u>shall divide any net recovery in the paragraph 3 claims of **Saingoen Davis and Nicholle Davis** against the lawyers</u>, after attorneys' fees and costs, 85% to Saingoen Davis and <u>15% to Nicholle Davis</u>.

(Emphasis added). Paragraph 4 clearly allows Defendant Nicholle to recover 15% of not only her assigned claims against Defendant Attorneys, but 15% of Plaintiff Saingoen's claims against Defendant Attorneys as well. The latter component is contribution based on Defendant Attorneys' wrongful conduct toward Plaintiff Saingoen. Similar to <u>Babb</u>, this part of the Settlement Agreement subverts HRS § 663-12 "by allowing the settling tortfeasor to obtain contribution indirectly from the nonsettling tortfeasor." <u>See</u> 642 N.E.2d at 1204.

Contrary to Plaintiff Saingoen's argument, we do not view the instant case as similar to <u>Schramm v. Cnty. of Monroe</u>, 758 N.E.2d 880 (Ill. App. Ct. 2001), where the settling party

---

[3] HRS § 663-12 provides, in relevant part, that "[a] joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement."

retained the right to pursue its *own separate claim*. Unlike in Schramm, Defendant Nicholle obtained the right to receive 15% of *Plaintiff Saingoen's* net recovery from Defendant Attorneys via the Settlement Agreement.

As held in Brooks, a settlement agreement is not in good faith when "a party seeks to accomplish indirectly that which it is expressly barred by applicable law from accomplishing directly[.]" 113 Hawai'i at 417, 153 P.3d at 1102. The provisions in the Settlement Agreement allow Defendant Nicholle to recover contribution from Defendant Attorneys, which is barred by HRS § 663-12. Hence, the Settlement Agreement between Plaintiff Saingoen and Defendant Nicholle was not in good faith, and the issuance of the Good Faith Order was an abuse of discretion because it disregarded rules or principles of law to the substantial detriment of Defendant Attorneys. Id.

Therefore,

IT IS HEREBY ORDERED that the Order Granting the Petition of Plaintiff Saingoen Davis for Determination of Good Faith Settlement, filed on July 30, 2010, in the Circuit Court of the Third Circuit, is vacated and the case is remanded for further proceedings consistent with this decision.

DATED: Honolulu, Hawai'i, February 24, 2012.

On the briefs:

David M. Louie (on the Opening Brief)
Keith K. Hiraoka (on the Reply Brief)
James Shin
Jodie D. Roeca
(Roeca, Louie & Hiraoka)
for Defendants-Appellants

Presiding Judge

James J. Bickerton
Daniel A. Morris
(Bickerton Lee Dang & Sullivan)
for Plaintiff-Appellee

Associate Judge

Associate Judge